UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK BRIMMEIER,

    Plaintiff,                                     Civil Action No. 20-CV-10426

vs.                                            HON. BERNARD A. FRIEDMAN

DeMARIA BUILDING COMPANY, et al.,

    Defendants.

_____/

## OPINION AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS

This matter is presently before the Court on defendants' motion to dismiss [docket entry 9]. Plaintiff has responded and defendants have replied. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing. For the reasons stated below, the Court shall deny the motion.

Plaintiff worked for defendant DeMaria Building Company ("DeMaria") from 1998 until January 29, 2019. Compl. ¶ 4. Plaintiff alleges that when he turned sixty years old in September 2019, "he became entitled to receive deferred compensation totaling more than $400,000, but he has not been paid." *Id.* ¶ 5. This money, according to plaintiff, is due him under DeMaria's Deferred Compensation Program ("DCP"), an employee benefit plan under the Employee Retirement Income Security Act of 1974 ("ERISA"). *Id.* ¶¶ 15-19. Plaintiff's application for this deferred compensation was denied, as was his appeal. *Id.* ¶¶ 55-58. In Count One, plaintiff seeks these benefits, plus costs, interest, and attorney fees, under 29 U.S.C. § 1132. *Id.* ¶¶ 61-64. In Count Two, he asserts a claim for breach of contract. *Id.* ¶¶ 65-68.

A copy of the DCP is attached to the complaint as Ex. A. The relevant provisions state:

> 2. The benefits to be paid as Deferred Compensation (unless they are forfeited by the occurrence of any of the events of forfeiture specified in paragraph 4, below) are as follows:
>
>> (a). Distributions.  (i) Upon Employee reaching the age of 60, DeMaria shall pay to Employee in ten (10) annual installments an amount equal to the balance of Employee's accumulated Deferred Compensation as of such date ("Age 60 Distribution"). . . .
>
> \* \* \*
>
> 4. Notwithstanding anything contained this [sic] Agreement to the contrary, no payment of any Deferred Compensation shall be made and all rights of Employee . . . to receive payments thereof shall be thereafter forfeited if any of the following events shall occur:
>
>> (a). Employee shall terminate his or her employment . . . other than due to death, disability, or approved early retirement by the Board, prior to Employee's 65th birthday;
>
>> (b). DeMaria terminates Employee's employment with DeMaria for 'cause' as determined by the Board in its sole sound discretion . . . .

Attachment A to the DCP, entitled "Administration," states in ¶ 2 that "[t]he Plan Administrator shall have the full discretionary power and authority to administer the Plan.  The Plan Administrator's powers shall include . . . the power to: . . . b. Interpret the terms and provisions of the Program."

In denying plaintiff's claim (submitted by counsel shortly after plaintiff's sixtieth birthday), defendants pointed to ¶ 4(a) of the DCP:

> By letter dated January 25, 2019, Mark Brimmeier resigned his employment with DeMaria.  *A copy of this resignation is attached.*[1]  Mark Brimmeier had not attained age 65 as of January

---

[1] The attached letter, dated January 25, 2019, from plaintiff to DeMaria's president, states:

       25, 2019. Mr. Brimmeier therefore terminated employment with DeMaria prior to attaining age 65. His termination was not due to his death, disability, or a DeMaria-approved early retirement. Accordingly, Mr. Brimmeier forfeited the right to any payments under the Plan pursuant to the express terms of Section 4.(a).

Compl. Ex. C (emphasis in original; footnoted added). Defendants denied plaintiff's appeal on the same grounds. *See* Compl. Ex. E.

       Defendants seek dismissal of Count One for the same reason: "[I]f he terminated employment before age 65 he forfeited all rights under the Program. He was 59 years old when he resigned." Defs.' Mot. at 1. Defendants argue additionally that "the employee-participant may only receive deferred compensation if he is an Employee upon reaching age 60, except in the event he separates from service due to death or total and permanent disability." Defs.' Br. at 10. Defendants argue that Count Two should be dismissed because ERISA preempts state-law

---

       Subject: Letter of Resignation

       Dear Tony,

       Let this letter serve as my formal resignation. I want to thank you, Rick and Joe DeMaria for the past 22 plus years as I have always felt until recently that I was a large part of the success of the company. The DeMaria family has always treated my family and me very well and I feel fortunate to have been a part of DeMaria Building Company for so many years. I believe that I have always represented the company well and have been a very dedicated employee, doing whatever it took to make the company a success. I had always believed that I would retire from DeMaria, but unfortunately it has become clear that DeMaria is going in a different direction without my being an integral part of the organization. Congratulations on your 50th year anniversary and I wish everyone the best!

       I wish much success to you and DeMaria.

       Thank you!

claims.

This case cannot be resolved on a motion to dismiss. First, the Court rejects defendants' argument that plaintiff is ineligible under the DCP because he was not an employee when he turned sixty years old. Even if defendants did not waive this argument by failing to mention it in explaining the basis for denying plaintiff's claim and his appeal, the argument is not supported by the plain language of the plan. Paragraph 2(a)(i) states that benefits are to be paid, unless forfeited, "[u]pon Employee reaching the age of 60," and ¶ 2(a)(ii) states that an employee may continue to earn deferred compensation "if Employee continues to work for DeMaria beyond age 60." The phrase "*if* Employee continues to work" (emphasis added) implies that an "Employee" might not continue to work past that age, but that he is nonetheless recognized by the plan as an "Employee" who is entitled to benefits.

The issue is not whether plaintiff is an employee under the DCP but whether he forfeited his right to deferred compensation under ¶ 4(a). As noted, that provision applies if "Employee shall terminate his or her employment . . . prior to Employee's 65th birthday." In the present case, plaintiff's employment was terminated before plaintiff turned sixty-five, but it is not clear who terminated it. Paragraph 4(a) applies only if plaintiff did so. Defendants point to plaintiff's January 25, 2019, letter of resignation, which on its face appears to indicate that it was plaintiff who terminated his employment with DeMaria by voluntarily resigning. However, plaintiff alleges that he was constructively discharged, *see* Compl. ¶¶ 20-52, and if that is the case, then his employment was terminated by DeMaria. This factual dispute cannot be resolved on a motion to dismiss, as the Court must "accept all well-pleaded factual allegations of the complaint as true and construe the complaint in the light most favorable to the

4

plaintiff." *Dubay v. Wells*, 506 F.3d 422, 426 (6th Cir. 2007). Defendants' motion to dismiss is therefore denied as to Count One.

The Court must deny defendants' motion as to Count Two as well. While ERISA generally preempts state-law claims, it is not clear that ERISA applies to the deferred compensation plan in this case for the period before defendants adopted the written plan in April 2016. Plaintiff alleges, and defendants appear to concede, that plaintiff accumulated a substantial deferred compensation balance before that date pursuant to the parties' oral agreement. Defendants point to ¶ 9 of the DCP, which states that "[t]his Program supersedes all agreements, promises, or understandings previously made between the parties relating to its subject matter." This statement is ambiguous, as it is unclear whether the "subject matter" is all deferred compensation, past and future, or the establishment of a written plan governing deferred compensation in the future. The plan speaks in terms of deferred compensation in the future, and fails to mention any such compensation that employees may have already accumulated. For example, ¶ 1 indicates that the amount of deferred compensation, if any, is determined at the time of the employee's annual review.

Based merely on the plan language and the allegations of the complaint, the Court cannot determine whether the DCP superseded the parties' previous oral agreement concerning plaintiff's deferred compensation. Similarly, at this stage of the case the Court cannot determine whether the pre-2016 deferred compensation was a bonus plan that is not subject to ERISA, as plaintiff contends, or whether the claim is time-barred, as defendants contend. These determinations must be made on a more fully developed record. Accordingly,

IT IS ORDERED that defendants' motion to dismiss is denied.

                                      s/Bernard A. Friedman
                                      BERNARD A. FRIEDMAN
Dated: July 13, 2020             SENIOR UNITED STATES DISTRICT JUDGE
      Detroit, Michigan