UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK BRIMMEIER,

    Plaintiff,                                             Civil Action No. 20-CV-10426

vs.                                                  HON. BERNARD A. FRIEDMAN

DEMARIA BUILDING COMPANY, et al.,

    Defendants.

_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION
FOR LEAVE TO AMEND THE COMPLAINT**

**and**

**ORDER DENYING DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT WITHOUT PREJUDICE**

This matter is presently before the Court on plaintiff's motion for leave to amend the complaint (ECF No. 32). Defendants have responded and plaintiff has replied. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing.

In an earlier opinion in this matter, the Court summarized the case as follows:

> Plaintiff worked for defendant DeMaria Building Company ("DeMaria") from1998 until January 29, 2019. Compl. ¶ 4. Plaintiff alleges that when he turned sixty years old in September 2019, "he became entitled to receive deferred compensation totaling more than $400,000, but he has not been paid." *Id*. ¶ 5. This money, according to plaintiff, is due him under DeMaria's Deferred Compensation Program ("DCP"), an employee benefit plan under the Employee Retirement Income Security Act of 1974 ("ERISA"). *Id*. ¶¶ 15-19. Plaintiff's application for this deferred compensation was denied, as was his appeal. *Id*. ¶¶ 55-58. In Count One, plaintiff seeks these benefits, plus costs, interest, and attorney fees, under 29 U.S.C.§ 1132. *Id*. ¶¶ 61-64. In Count Two, he asserts a claim for breach of contract. *Id*. ¶¶ 65-68.

Op. & Ord. Denying Defs.' Mot. to Dismiss at 1.

In the motion now before the Court, plaintiff seeks leave to amend the complaint "to capture a fact he learned for the first time late in discovery and which was confirmed in Joe DeMaria's January 19, 2021 declaration," namely, that "his employment with DBC [DeMaria Building Company] actually ended when DBC terminated him without cause in January, 2018," not in January 2019, as alleged in the complaint. Pl.'s Mot. to Am. Compl. at 2-3. Through discovery plaintiff recently learned that he was terminated by DBC in January 2018 and that "[f]rom that point on . . . [he] worked for Ally, LLC, which was established in March, 2018." *Id.* at 3. In his proposed amended complaint, plaintiff mainly seeks to allege that defendants discharged him without cause in January 2018, at which time he began to work for Ally; and that he became entitled to receive deferred compensation in January 2018. *See* Pl.'s Mot. to Am. Compl., Ex. A (Proposed First Am. Compl.).

In opposing the motion, defendants argue that plaintiff delayed unduly in seeking leave to amend, as discovery has closed and defendants have filed a motion for summary judgment; that the proposed amendment would be futile; and that allowing the amendment would prejudice defendants because discovery would have to be reopened and the scheduling order modified.

Under Fed. R. Civ. P. 15(a), "[t]he court should freely give leave [to amend] when justice so requires." The Supreme Court has stated that leave should be given "[i]n the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). As the Sixth Circuit has noted,

> [t]he thrust of the provision "is to reinforce the principle that cases should be tried on their merits rather than on the technicalities of

> pleadings." *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir.1982). Delay that is not intended to harass the defendant is not in itself a permissible reason to refuse leave to amend. *Id*., at 639, n.2. Furthermore, there must be "at least some significant showing of prejudice to the opponent" if the motion is to be denied. *Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir.1986). Although this court reviews denials of leave to amend only for abuse of discretion, it should be emphasized that the case law in this Circuit manifests "liberality in allowing amendments to a complaint." *Id*.

*Janikowski v. Bendix Corp*., 823 F.2d 945, 951 (6th Cir. 1987).

The Court rejects defendants' argument that plaintiff delayed unduly in filing the instant motion. Plaintiff indicates that the basis for the proposed amendment was not apparent to him until one of defendants' principals, Joseph DeMaria, submitted an affidavit in support of defendants' summary judgment motion averring that Ally is "a completely separate business from DBC." Defs.' Summ. J. Ex. B ¶ 19 (filed January 20, 2021). At his deposition three months earlier, on October 6, 2020, Joseph DeMaria referred to plaintiff "end[ing] his employment with Ally," Defs.' Summ. J. Ex. C at 30, but the fact that Ally is a separate business was not revealed until defendants filed their summary judgment motion. While defendants argue that plaintiff should have known that DBC and Ally are separate businesses, for present purposes the Court accepts plaintiff's explanation as to when he learned this fact.

Plaintiff filed the instant motion on February 26, approximately one month after receiving Joseph DeMaria's affidavit. This is not undue delay. Further, as plaintiff notes, the Court's scheduling order set March 2, 2021, as the deadline for filing motions "including motions to join parties and/or to amend pleadings." ECF No. 19. The instant motion, which was filed before this filing deadline, was timely.

Defendants also argue that they would be prejudiced if plaintiff is permitted to amend

3

his complaint because discovery will have to be reopened. But to defeat plaintiff's motion, defendants must make "some *significant* showing of prejudice" *Moore,* 790 F.2d at 562 (emphasis added), and reopening discovery briefly in this case will surely cause them only minimal prejudice. As plaintiff notes, defendants conducted just one deposition in this case (of plaintiff himself), and plaintiff has offered to make himself available for further questioning. Nor is it likely that any additional written discovery would be particularly burdensome or time-consuming for the parties to draft and answer, given the limited nature of the proposed amendment.

Defendants also object that they will be burdened by having to refile their summary judgment motion if the proposed amendment is allowed. The Court is not persuaded that this burden outweighs "the principle that cases should be tried on their merits." *Tefft,* 689 F.2d at 639. Defendants should have little difficultly modifying their summary judgment motion, if they elect to refile one, after the limited discovery period the Court shall permit.

Finally, defendants argue that plaintiff's proposed amendment would be futile. An amendment is futile "if the amended complaint would not withstand a motion to dismiss for failure to state a claim." *Doe v. Mich. State Univ.*, 989 F.3d 418, 427 (6th Cir. 2021). If defendants believe plaintiff's amended complaint is subject to dismissal on this basis, they may file a motion to dismiss within the schedule indicated below. The Court prefers not to make such a ruling in the abbreviated context of a motion for leave to amend, where the parties' arguments as to this issue can be raised only in defendants' response brief and plaintiff's reply.

The Court concludes that plaintiff should be permitted to amend his complaint in the manner he proposes and that an additional sixty days of discovery should be permitted so that the parties may delve into the issues raised therein. Accordingly,

IT IS ORDERED that plaintiff's motion for leave to amend is granted. Plaintiff may file his amended complaint within five days of the date of this order [ECF No. 32].

IT IS FURTHER ORDERED that the scheduling order in this matter is modified as follows: Defendants may file a Rule 12(b)(6) motion by August 13, 2021; discovery is reopened until September 24, 2021; all motions, other than motions in limine, must be filed by October 25, 2021; the final pretrial conference will be held on February 8, 2022, at 1:30 p.m.; and the trial will be held on February 15, 2022, at 9:00 a.m.

IT IS FURTHER ORDERED that defendants' motion for summary judgment is denied without prejudice [ECF No. 28].

s/Bernard A. Friedman  
BERNARD A. FRIEDMAN  
SENIOR UNITED STATES DISTRICT JUDGE

Dated: July 26, 2021  
Detroit, Michigan